UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROBERT BRUCE MCKAY-ERSKINE, | CASE NO. 3:18-cv-05024-BHS-TLF |
| Petitioner, | **ORDER TO SHOW CAUSE** |
| v. | |
| JEFFREY UTTECHT, | |
| Respondent. | |

The District Court has referred this habeas corpus petition filed pursuant to 28 U.S.C. § 2254 to United States Magistrate Judge Theresa L. Fricke. Petitioner Robert Bruce McKay-Erskine seeks relief from a state court conviction. *See* Dkt. 8. In the petition, Mr. McKay-Erskine raises ineffective assistance of counsel as grounds for habeas corpus relief.

A federal habeas corpus petitioner is required to exhaust state remedies before filing a habeas corpus petition in federal court. 28 U.S.C. § 2254(b)(1)(A). To exhaust state remedies, the petitioner must fully and fairly present to the highest court available in the state, claims regarding the same legal and factual issues that are later brought in the federal habeas corpus petition. *Davis v. Silva,* 511 F.3d 1005, 1009 (9th Cir. 2008). It is not enough for the petitioner to present the claims to a lower state court, then appeal some but not all claims to the highest

ORDER TO SHOW CAUSE
CONCERNING EXHAUSTION OF
STATE REMEDIES - 1

available court of the state; the petitioner's appeal to the highest available state court must

specifically include all the operative legal and factual bases for the federal claim that is later

raised in the federal habeas corpus claim. *Baldwin v. Reese,* 541 U.S. 27, 31-32 (2004); *Davis*,

511 F.3d at 1008-09. It is incumbent upon the federal court to review documents that constitute

the petitioner's litigation of the appeal to the highest available state court, to determine what

claims were presented to that court by the petitioner and whether the requirement of exhaustion

of state remedies has been satisfied. *Kim v. Villalobos*, 799 F.2d 1317, 1320 (9th Cir. 1986).

In denying McKay-Erskine's personal restraint petition, the Washington State Court of

Appeals held:

> While McKay-Erskine's counsel cancelled a December 2012 bail hearing, he set a
> bail hearing for March 22, 2013. McKay-Erskine does not show deficient
> performance in postponing the bail hearing. McKay-Erskine fails to show that his
> counsel did not keep him adequately informed. His counsel met with him a
> number of times and provided him with the State's discovery two weeks before
> trial. McKay-Erskine fails to show that expert medical testimony would have been
> relevant in his trial. There were no incriminating medical findings in the State's
> case. McKay-Erskine does not show that his counsel's cross-examination of the
> State's witness was deficient. The evidence of past drug use by some of the
> witnesses was not admissible as impeachment evidence. And his counsel elicited
> testimony establishing possible bias of one of the State's witnesses, LaVergne.
> [VRP at 12-13.] McKay-Erskine does not show that his counsel's decision not to
> call all of the witnesses on his witness list was deficient performance. Finally, he
> does not show that his counsel prohibited him from testifying in his own defense;
> his counsel properly advised him of the dangers of testifying in his own defense.
> Thus, McKay-Erskine does not demonstrate deficient performance by his trial
> counsel. And even if he had, he does not show a reasonable probability the result
> of his trial would have been different had that deficient performance not occurred.
> McKay-Erskine fails to demonstrate ineffective assistance of counsel.

Dkt. 12, Respondent's Submission of Relevant State Court Record, Exhibit 14, p. 2.

McKay-Erskine raises the same grounds in his federal habeas corpus petition. *See* Dkt. 8,

Petition for Habeas Corpus, at 3, 5-7. The petitioner alleges that he exhausted state remedies with

respect to all of his ineffective assistance of counsel claims. *Id.* at 6-7. Yet this Court does not

1 have documentation showing the specific legal and factual grounds that were raised in the

2 petitioner's litigation of the appeal (by a motion for discretionary review) to the Washington

3 Supreme Court from the Court of Appeals PRP decision.

4 Respondent's brief states, "The file received from the Washington Supreme Court did not

5 contain a copy of the motion for discretionary review. Respondent will try to obtain a copy of the

6 pleading and submit it to the Court and to McKay-Erskine." Dkt. 11, p. 4, n.2. Respondent so far

7 has not submitted a copy of McKay-Erskine's motion for discretionary review.

8 The Washington Supreme Court's decision denying petitioner's motion for discretionary

9 review, Dkt. 12, Ex. 15, does not identify all of the specific factual bases raised in the motion for

10 discretionary review for the ineffective assistance of counsel claim. The Commissioner's ruling

11 discusses the expert witness issue. *Id.* at p. 2. But the Washington Supreme Court denied the

12 motion for discretionary review on the legal claim of ineffective assistance of counsel without

13 discussing the other factual bases raised in his personal restraint petition to the Washington Court

14 of Appeals.

15 The Court notes that, without additional documentation of the Washington Supreme

16 Court litigation concerning the petitioner's motion for discretionary review, the Court cannot

17 independently confirm whether McKay-Erskine satisfied the exhaustion requirement with

18 respect to all the factual bases of his ineffective assistance of counsel claim (other than the claim

19 that his counsel should have hired an expert witness). *Kim,* 799 F.2d at 1320.

20 In the section of respondent's answering brief addressing exhaustion as to each legal and

21 factual foundation of petitioner's ineffective assistance of counsel claim, respondent states,

22 "McKay-Erskine *appears to have properly exhausted his state court remedies* by fairly

23

ORDER TO SHOW CAUSE
CONCERNING EXHAUSTION OF
STATE REMEDIES - 3

1 | presenting his one claim to the Washington Supreme Court as a federal claim." Dkt. 11, p. 5

2 | (emphasis added).

3 |      To waive exhaustion of state remedies or to be estopped from relying on it, there is a

4 | statutory directive that the respondent must expressly waive the exhaustion requirement. 28

5 | U.S.C. § 2254(b)(3); *see generally Roberts v. Howton*, 13 F. Supp. 3d 1077, 1105-06 (D. Or.

6 | 2014) (holding that respondent explicitly waived exhaustion, "and/or" there was no available

7 | state court remedy remaining, where respondent wrote, "[i]t does not appear that petitioner has

8 | any of the usual or normal remaining state remedies on the issues she raises in this habeas corpus

9 | proceeding").

10 |      Accordingly, by **September 19, 2018**, respondent is directed to locate and file additional

11 | litigation documents concerning McKay-Erskine's motion for discretionary review of the denial

12 | of his personal restraint petition, and also show cause in accordance with 28 U.S.C. §

13 | 2254(b)(1)(A), and 28 U.S.C. § 2254(b)(3) why McKay-Erskine's ineffective assistance of

14 | counsel claim either has, or has not been fully and fairly exhausted. If these Washington

15 | Supreme Court motion for discretionary review litigation documents cannot be located and filed,

16 | then the respondent should clarify whether the State is explicitly waiving the exhaustion

17 | requirement based on the current record. If the respondent does not clarify whether it explicitly

18 | waives the exhaustion requirement, then Court will take additional steps as necessary.

19 |      Dated this 5th day of September, 2018.

20 |

21 |

22 |

Theresa L. Fricke
United States Magistrate Judge

23 |

ORDER TO SHOW CAUSE
CONCERNING EXHAUSTION OF
STATE REMEDIES - 4