1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF WASHINGTON
9                             AT TACOMA

10   ROBERT BRUCE MCKAY-ERSKINE,           CASE NO. C18-5024 BHS

11                      Petitioner,         ORDER ADOPTING REPORT
            v.                              AND RECOMMENDATION
12   JEFFREY UTTECHT,

13                      Respondent.

14

15        This matter comes before the Court on the Report and Recommendation ("R&R")

16   of the Honorable Theresa L. Fricke, United States Magistrate Judge, Dkt. 21, and

17   Petitioner Robert Bruce McKay-Erskine's ("McKay-Erskine") objections to the R&R,

18   Dkt. 24.

19        On October 1, 2018, Judge Fricke issued the R&R recommending that the Court

20   deny McKay-Erskine's petition on the merits.  Dkt. 21.  On January 6, 2019, McKay-

21   Erskine filed objections.  Dkt. 24.

22

The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

In this case, McKay-Erskine fails to identify any error in the R&R. Although McKay-Erskine filed lengthy objections, he simply remakes his original arguments on the alleged deficiencies of his trial counsel. *See* Dkt. 24 at 16–37 (objections as to the merits of his petition). The single issue that the Court will address is McKay-Erskine's claim that his counsel was ineffective for refusing to prepare McKay-Erskine to testify and not permitting him to testify. It is undisputed that the right to testify in one's defense is a decision reserved solely for the defendant. *McCoy v. Louisiana*, 138 S.Ct. 1500, 1508 (2018). Thus, it is troubling that McKay-Erskine alleges his attorney prevented him from testifying. However, on habeas review, McKay-Erskine bears the burden of showing both deficient performance and prejudice. *Matylinsky v. Budge*, 577 F.3d 1083, 1097 (9th Cir. 2009). The state court denied McKay-Erskine's claim because he failed to show prejudice. In other words, he failed to show that the result of the trial may have been different if he would have testified. In fact, McKay-Erskine fails to identify any evidence or present any argument on the issue of prejudice. *See* Dkt. 8 at 5 (petition); Dkt. 15 at 13–14 (traverse); Dkt. 24 at 33–37. On federal review, McKay-Erskine fails to establish that the state court's conclusion was objectively unreasonable. *Harrington v. Richter*, 562 U.S. 86, 101 (2011). Therefore, the Court having considered the R&R, McKay-Erskine's objections, and the remaining record, does hereby find and order as follows:

(1)     The R&R is **ADOPTED**;

(2)     McKay-Erskine's petition is **DENIED**;

(3)     A Certificate of Appealability is **DENIED**; and

(4)     The Clerk shall enter a JUDGMENT and close the case.

Dated this 5th day of April, 2019.

_____
BENJAMIN H. SETTLE
United States District Judge